UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| CHARLES TOOMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV410-280 |
| SOUTHERN MOTORS HONDA, INC., CAROL COCHRAN, and JEFF MALLET, | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Charles Toomer asks the Court to reverse a Georgia Superior Court order dismissing his state wrongful termination and defamation case. (Doc. 1 at 5.) He states that the superior court judge violated his "constitutional rights to a trial" and that the state appellate court's filing fee also deprives him of his constitutional rights. (*Id.* at 4-5.) For jurisdictional purposes only, Toomer's motion to proceed *in forma pauperis* (doc. 2) is **GRANTED**, but his case should be **DISMISSED**.

Federal courts do not act as appellate courts over state tribunals. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity*

*Trust Co.*, 263 U.S. 413 (1923). "The *Rooker-Feldman* doctrine precludes federal courts -- other than the United States Supreme Court -- from reviewing final judgments of state courts." *Talley v. Columbus, Georgia Housing Auth.*, 2010 WL 4409379 at * 1 (11th Cir. Nov. 8, 2010); *Liedel v. Juvenile Ct. of Madison County*, 891 F.2d 1542, 1545 (11th Cir. 1990); *Staley v. Ledbetter*, 837 F.2d 1016, 1017 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court decisions."). Even an allegation that the state court action was unconstitutional gives the district court no jurisdiction over a challenge to a state-court decision. *Feldman*, 460 U.S. at 486; *see Haggerty v. Clement*, 749 F.2d 217 (5th Cir. 1984) (district court lacked jurisdiction to review claim that state court had denied plaintiff his right to due process). Instead, such dissatisfied litigants must appeal through the state system and ultimately to the United States Supreme Court. *Leidel*, 891 F.2d at 1545. Thus, the plaintiff may not seek a reversal of the state court judgment by casting his complaint in the form of a civil rights action in federal court. *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court."). If plaintiff

2

is dissatisfied with the result in state court, he must exercise his rights to state review, if any. Accordingly, this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this __2nd__ day of December, 2010.

/s/ G.R. Smitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA